STATE OF HAWAII, Plaintiff-Appellee, *v.* CHARLES RAY BRIGHT, JR., Defendant-Appellant

NO. 7461

CRIMINAL NO. 52489

DECEMBER 30, 1981

RICHARDSON, C.J., OGATA, MENOR, LUM AND NAKAMURA, JJ.

*Per Curiam.* The defendant Charles Bright takes this appeal from his conviction for the offense of burglary in the second degree under HRS § 708-811.[1]

Early Monday morning on January 31, 1979, a patrolling police officer discovered that the Progressive Television Sales and Service Company had been forcibly entered. The officer notified the owner of the shop and after his arrival it was discovered that several television sets and video cassette players were missing. In the course of their investigation, the police found several latent fingerprints

---

[1] HRS § 708-811 states:
Burglary in the second degree (1) A person commits the offense of burglary in the second degree if he intentionally enters or remains unlawfully in a building with intent to commit therein a crime against a person or against property rights.
(2) Burglary in the second degree is a class C felony.

and a palm print in the shop. The palm print was located on a black and white television set which had been on display at the shop on top of a color television set which was among those found to be missing.

At 10:30 a.m. that same morning, police officials received an anonymous telephone tip to the effect that the defendant Charles Bright and a David Pili had committed the burglary of Progressive Television and that the stolen items could be found in their apartment located above the shop. Acting upon this information, the police compared the prints found at the scene of the burglary with prints of the defendant that were already on file at the police department. It was determined that the palm print found at the rear bottom right hand corner of the black and white television set were those of the defendant Charles Bright.[2]

Based essentially on this finding, a search warrant for the defendant's apartment was obtained. The location of the defendant's apartment, as indicated by the unidentified caller, was above the television shop. The ensuing search of the apartment failed to reveal any of the stolen items. Nevertheless, on information already in their possession, the police placed the defendant under arrest at the apartment.

The only issue[3] which merits this court's consideration is, whether there was sufficient evidence to support the defendant's

---

[2] The palm print was positively identified as the defendant's by a qualified expert who found 35 points of identity in making the comparison. At trial Sergeant Francis Williams of the Honolulu Police Identification Section testified that the presence of eight or more matching ridge characteristics in both the latent print and inked print (or deliberate print) would be sufficient to establish a positive identification.

[3] The defendant has also argued that the police were without probable cause to arrest him without a warrant; that, therefore, any statement he gave to the police that might tend to incriminate him, even though *Miranda* warnings were in fact given to him prior to his interrogation, should have been suppressed by the trial court. We disagree that there was no probable cause for his arrest. The anonymous tipster was apparently aware that a burglary of the television shop had occurred and identified the defendant as one of the culprits. Police investigation revealed that the shop had in fact been burglarized and palm prints of the defendant left at the scene pointed to him as being the perpetrator of the offense. We have repeatedly said that probable cause to arrest without a warrant exists when the facts and circumstances known to the officer, or of which he had reasonably trustworthy information, would warrant a man of reasonable caution to believe that the person arrested has committed or is committing an offense. State v. Lloyd, 61 Haw. 505, 606 P.2d 913 (1980); State v. Barnes, 58 Haw. 333, 568 P.2d 1207 (1977); State v. Gustafson, 55 Haw. 65, 515 P.2d 1256 (1973); State v. Chong, 52 Haw. 226, 473 P.2d 567 (1970).

conviction for burglary in the second degree. We hold that there was.

Admittedly, the defendant's conviction was based on circumstantial evidence. No one testifying for the prosecution witnessed the burglary. No stolen items were found in the defendant's apartment. It is a basic rule, however, that guilt in a criminal case may be proved beyond a reasonable doubt on the basis of reasonable inferences drawn from circumstantial evidence. *State v. Murphy,* 59 Haw. 1, 575 P.2d 448 (1978). No greater degree of certainty is required where a conviction is based solely on circumstantial evidence rather than on direct evidence. *State v. Smith,* 63 Haw. 51, 621 P.2d 343 (1980).

It is undisputed that a color television set was in fact stolen from the shop. Both the owner and an employee testified that the black and white television set and the color television set were in their assigned places when they left the shop on Saturday, January 29, 1979.[4] When the break-in was discovered, the color set was gone. In order for it to be removed, the black and white set had to be moved from on top of it. The defendant's palm print was found on the black and white set. The location of the telltale print indicated that the defendant had lifted and moved the black and white set to get to the color set.

Evidence of fingerprints or palm prints may be sufficient to support a criminal conviction as when the prints are found in the place where the crime was committed and under such circumstances that they could only have been impressed at the time of the alleged crime. *Cf. Jones v. State,* 156 Ga. 823, 275 S.E.2d 712 (Ct. App. 1980) (holding that defendant's fingerprints which were found on the inside of windows through which entry and exit to warehouse was effectuated was sufficient to sustain a burglary conviction); *Carr v. State,* 96 Nev. 936, 620 P.2d 869 (1980) (holding that when fingerprints of the defendant are found on an article where the crime is committed, corroborating evidence was not necessary to support a burglary conviction).

---

[4] Harry Shimojo, the owner of the shop, testified that when he left the shop at 3:30 p.m. that Saturday afternoon, both the black and white and the color television sets were in place in the shop. Stanley Watanabe, service technician and employee of Progressive Television, also testified that when he left the shop at 7:00 p.m. that Saturday, the two television sets were in their proper places.

Here, the defendant told police that the last time he had visited the television shop was three or four months before the burglary. The owner, on the other hand, testified that he did not recall ever seeing the defendant in his shop. In either case, the owner testified that the black and white set from which the defendant's palm print was found was placed on display on or about January 20, 1979, just ten days or so before the burglary. The defendant's palm print, therefore, could not have been left on the black and white set prior to the date of the burglary. Under these circumstances, the jury was entitled to return its guilty verdict against the defendant.

Affirmed.

*Anne Randolph*, Deputy Public Defender, on the briefs for defendant-appellant.

*D. Sandrea Chun*, Deputy Prosecuting Attorney, on the brief for plaintiff-appellee.