226 P.3d 517

**STATE of Hawai'i, Plaintiff–Appellee,**

v.

**Michael Makana HOE, Defendant–Appellant.**

**No. 29496.**

Intermediate Court of Appeals of Hawai'i.

Feb. 25, 2010.

Setsuko Regina Gormley, Deputy Public Defender, on the briefs, for Defendant–Appellant.

Renee Ishikawa Delizo, Deputy Prosecuting Attorney, County of Maui, on the briefs, for Plaintiff–Appellee.

NAKAMURA, C.J., FOLEY and LEONARD, JJ.

Opinion of the Court by NAKAMURA, C.J.

Defendant–Appellant Michael Makana Hoe (Hoe) was charged with consuming liquor while being under twenty-one years of age, in violation of Hawaii Revised Statutes (HRS) § 281–101.5 (2007).[1] Hoe was eighteen years old and a student at Maui High School at the time of the alleged offense. After a bench trial, the District Court of the Second Circuit (district court) found Hoe guilty as charged.[2] The district court sentenced Hoe to a fine of $200, a criminal injuries compensation fee of $30, seventy-five hours of community service, eight to twelve hours of alcohol education,

---

1. HRS § 281–101.5(b) provides in relevant part that "[n]o minor shall consume ... liquor...." HRS § 281–1 (2007) defines the terms "minor" and "liquor" for purposes of HRS Chapter 281 and provides in relevant part:

Whenever used in this chapter, unless otherwise apparent from the context:

....

'Liquor' ... includes alcohol....

....

'Minor' means any person below the age of twenty-one years.

HRS § 281–101.5(e) defines the term "consume" as used in HRS § 281–101.5 to include "the ingestion of liquor."

2. The Honorable Simone C. Polak presided.

and a 180–day suspension of his driver's license.

Hoe appeals from the November 5, 2008, Judgment of the district court. On appeal, Hoe contends that the district court erred in convicting him because the prosecution failed to adduce sufficient evidence that he had consumed liquor. We disagree and affirm Hoe's conviction.

## I.

The prosecution introduced the following evidence at trial.

David Tanuvasa (Tanuvasa), the Vice–Principal at Maui High School, testified that during the Aloha Assembly, a farewell assembly to honor graduating seniors, he removed Hoe from the stands based on a teacher's report that Hoe had engaged in unruly behavior. Tanuvasa escorted Hoe to the Athletic Director's office. Tanuvasa was responsible for campus discipline, and his experience regarding alcohol included dealing with many students who came on campus intoxicated, training on the subject of alcohol with the Maui Police Department, and numerous social encounters with people who were consuming alcohol. Tanuvasa was familiar with how people drinking alcohol smell.

From a distance of about two feet, Tanuvasa smelled the odor of alcohol coming from Hoe. On a scale from zero to ten, with zero signifying no smell of alcohol and ten an extremely strong smell of alcohol, Tanuvasa testified that the smell of alcohol emanating from Hoe was "[p]robably an eight." Tanuvasa called Officer James Terry (Officer Terry) of the Maui Police Department. Tanuvasa felt that Hoe had come to school intoxicated, which required Tanuvasa to call the police.

Randy Yamanuha (Yamanuha), the Principal of Maui High School, testified that he had experience dealing with students under the influence of alcohol and was familiar with how people smell when they have been drinking alcohol. During the farewell assembly, it was brought to Yamanuha's attention that Hoe and other students had their shirts off, were yelling, and were engaging in boisterous behavior. Yamanuha went to the Athletic Director's office and smelled "alcohol emitting from [Hoe]."

Office Terry testified that he received on-the-job training on identifying indicia of alcohol intoxication, including smell, physical indications, and demeanor. He had experience with alcohol at social events. Officer Terry testified that in the past year, he had been involved in about sixty investigations involving intoxication. Based on his training and experience with people drinking alcohol, he was familiar with the odor and physical manifestations of people who have been consuming alcohol.

Officer Terry knew Hoe, because Hoe lived in Officer Terry's neighborhood, and was familiar with Hoe's behavior when Hoe was not intoxicated. Officer Terry went to the Athletic Director's office where he approached Hoe. Officer Terry smelled alcohol on Hoe's breath and believed the smell of alcohol could also have been coming from Hoe's pores. Officer Terry rated the strength of the alcohol smell coming from Hoe as six or seven based on a ten point scale, with zero being no smell and ten being the strongest smell of alcohol a person could have if extremely intoxicated. The smell of alcohol indicated to Officer Terry that Hoe had ingested alcohol. Officer Terry noticed that Hoe was not steady on his feet and leaned against a desk to steady himself, behavior that indicated alcohol impairment to Officer Terry.

Officer Terry attempted to administer a preliminary breath test (PBT) to Hoe. The PBT requires the subject to blow into a tube connected to a device that is designed to detect alcohol in a person. Hoe agreed to take the PBT. However, Hoe did not perform the PBT as instructed, but instead stuck his tongue into the tube, which caused the device to signal that Hoe was not blowing properly. Officer Terry instructed Hoe not to obstruct the tube with his tongue while blowing. Officer Terry asked Hoe to perform the PBT two more times, but each time Hoe attempted to "block the results." After the third time, Officer Terry told Hoe that Officer Terry knew Hoe was attempting to block the test, and Officer Terry placed Hoe under arrest. Hoe provided his date of birth to

Officer Terry, which showed that Hoe was eighteen years old.

Officer Terry placed Hoe in the back of Officer Terry's patrol car. As Officer Terry was driving from the school, Hoe became belligerent. Hoe yelled and screamed, kicked the car's window with both feet, and punched the window with his fists. Officer Terry stopped the car and opened the door to calm Hoe down. When Officer Terry opened the door, Hoe tried to kick Officer Terry. Office Terry testified that Hoe's behavior was consistent with someone who was intoxicated and was out of character for Hoe, who was normally a mellow, easygoing person. Officer Terry testified that on the day Hoe was arrested, Hoe was argumentative and defiant and "[y]ou could tell [Hoe] had been ingesting alcohol." Officer Terry noticed an odor of alcohol in the car after he completed transporting Hoe to the police station.

Officer Terry indicated that he believed that Hoe had ingested alcohol based on the odor of alcohol from Hoe, Hoe's demeanor, Hoe's unsteadiness on his feet, and Hoe's attempts to prevent Officer Terry from obtaining a reading on Hoe's blood alcohol content through the PBT.

## II.

■ Hoe asserts that there is no Hawai'i precedent on what constitutes sufficient evidence in a prosecution for under-age consumption of liquor, in violation of HRS § 281–101.5(b). Hoe argues that the prosecution provided no evidence that there was alcohol in Hoe's system. Hoe contends that "[w]ithout direct testimony that a witness saw Mr. Hoe consume liquor or a blood alcohol content reading, the evidence was insufficient to prove that he actually consumed liquor." We disagree.

In reviewing the sufficiency of the evidence on appeal, we view the evidence in the light most favorable to the prosecution. *State v. Ildefonso,* 72 Haw. 573, 576, 827 P.2d 648, 651 (1992).

[T]he same standard applies whether the case was before a judge or a jury. The test on appeal is not whether guilt is estab-

lished beyond a reasonable doubt, but whether there was substantial evidence to support the conclusion of the trier of fact. Indeed, even if it could be said in a bench trial that the conviction is against the weight of the evidence, as long as there is substantial evidence to support the requisite findings for conviction, the trial court will be affirmed.
"Substantial evidence" as to every material element of the offense charged is credible evidence which is of sufficient quality and probative value to enable a [person] of reasonable caution to support a conclusion. And as trier of fact, the trial judge is free to make all reasonable and rational inferences under the facts in evidence, including circumstantial evidence.

*State v. Batson,* 73 Haw. 236, 248–49, 831 P.2d 924, 931 (1992) (citations omitted).

■ "Circumstantial evidence is competent evidence and can be used to prove facts necessary to establish the commission of a crime." *State v. Torres,* 122 Hawai'i 2, 13, 222 P.3d 409, 420 (Hawai'i App.2009). Here, there was ample circumstantial evidence to show that Hoe had consumed liquor on or about the date of his arrest. Both Principal Yamanuha and Vice–Principal Tanuvasa testified that they smelled alcohol emanating from Hoe. Tanuvasa stated that he smelled the alcohol from a distance of about two feet from Hoe and ranked the smell as probably an eight on a ten-point scale. Officer Terry smelled alcohol on Hoe's breath and possibly from Hoe's pores, which indicated to Officer Terry that Hoe had ingested alcohol. Officer Terry also observed Hoe engage in behavior demonstrating that Hoe had recently consumed alcohol, including Hoe's unsteadiness on his feet; Hoe's belligerent and defiant behavior, which was out-of-character for Hoe; and Hoe's attempts to prevent Officer Terry from obtaining a reading on Hoe's blood-alcohol content.

Contrary to Hoe's contention, it was not necessary for the prosecution to introduce testimony from a witness who saw Hoe consume liquor or evidence of Hoe's blood alcohol level to prove that Hoe consumed liquor. Based on the circumstantial evidence presented by the prosecution, it was reasonable

for the district court to infer that Hoe had consumed liquor. *See State v. Murphy*, 59 Haw. 1, 19, 575 P.2d 448, 460 (1978) ("[I]t is elementary that a criminal case may be proven beyond a reasonable doubt on the basis of reasonable inferences drawn from circumstantial evidence."). We conclude that there was substantial evidence to show that Hoe had consumed liquor and to support Hoe's conviction. *See State v. Lawson,* 37 Wash. App. 539, 681 P.2d 867, 870 (1984) (holding that evidence that a police officer "could smell alcohol on [the defendant's] breath from a distance of two feet; that [the defendant's] words were somewhat unclear and lacked sense; and that [the defendant's] physical actions were not steady or sure" was sufficient to prove that the defendant had consumed alcohol).

### III.

The November 5, 2008, Judgment of the district court is affirmed.