Electronically Filed
Intermediate Court of Appeals
CAAP-20-0000121
05-OCT-2021
07:59 AM
Dkt. 63 SO

NO. CAAP-20-0000121

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee,
v.
JEFFREY ANDREW HORTON, Defendant/Appellant


APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CASE NO. 3CPC-19-0000431)


SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, Wadsworth and Nakasone, JJ.)

Defendant-Appellant Jeffrey A. Horton (**Horton**) appeals from the Judgment of Conviction and Probation Sentence; Notice of Entry of Judgment, filed on February 3, 2020, by the Circuit Court of the Third Circuit (**Circuit Court**).[1] Horton was convicted, following a jury trial, of Negligent Injury in the Second Degree, in violation of Hawaii Revised Statutes (**HRS**) § 707-706(1) (2014).[2]

On appeal, Horton's sole contention is that the Circuit Court erred in denying his motion for judgment of acquittal (**MJOA**).

---

[1] The Honorable Robert D.S. Kim presided.

[2] HRS § 707-706(1) states, "(1) A person is guilty of the offense of negligent injury in the second degree if that person causes substantial bodily injury to another person by the operation of a vehicle in a negligent manner."

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Horton's point of error as follows, and affirm.

Plaintiff-Appellee State of Hawaiʻi's (**State**) Amended Complaint charged Horton with the offenses of: Count 1, Duty to Give Information and Render Aid, in violation of HRS § 291C-14(a); Count 2, Accidents Involving Bodily Injury, in violation of HRS § 291C-12.6(a); Count 3, Inattention to Driving, in violation of HRS § 291-12; and Count 4, Negligent Injury in the Second Degree, in violation of HRS 707-706(1). The State dismissed Counts 1 and 3; the jury acquitted Horton of Count 2, and adjudged him guilty of Count 4.

The following evidence was adduced at trial. Horton was alleged to have been involved in a collision with a moped rider on Hawaiʻi Island when Horton attempted to cross the intersection of Queen Kaʻahumanu Highway and Hina Lani Street. Witnesses testified that the moped collided with Horton as Horton's vehicle made a left turn against a red light from the highway onto Hina Lani Street.

At the close of the State's case-in-chief, Horton made an MJOA, arguing that the State did not adduce sufficient evidence to prove the elements of the charge. The Circuit Court denied the motion. At the close of evidence, Horton renewed his MJOA on the same grounds. The Circuit Court elected to reserve its decision on the motion pursuant to Hawaiʻi Rules of Penal

2

Procedure (**HRPP**) Rule 29(b).[3] After the jury returned a verdict finding Horton guilty on Count 3, the record does not reflect a ruling on the renewed MJOA.

Horton contends that the Circuit Court erred in denying his MJOA where there was no substantial evidence that he operated his vehicle in a negligent manner. Specifically, Horton argues that the State did not prove that he negligently operated a vehicle because no witnesses saw him run a red light. Horton's contention is without merit.

"On appeal the test for the denial of a motion for judgment of acquittal is that applied to determine sufficiency of the evidence to support the conviction." State v. Davalos, 113 Hawaiʻi 385, 389, 153 P.3d 456, 460 (2007) (citing State v. Okumura, 78 Hawaiʻi 383, 403 n.15, 894 P.2d 80, 100 n.15 (1995) ("[A]lthough different language is sometimes used to describe the standard of review when the denial of a motion for judgment of acquittal is appealed, the test on appeal is actually identical — if there was sufficient evidence to support the conviction, the motion for judgment of acquittal was properly denied; if there was insufficient evidence, the denial of the motion was

---

[3]     HRPP Rule 29(b) states,

> **(b) Reservation of decision on motion.** If a motion for judgment of acquittal is made at the close of the evidence offered by the prosecution, the court shall not reserve decision thereon. If such motion is made after all parties have rested, the court may reserve decision on the motion, submit the case to the jury and decide the motion either before the jury returns a verdict or after it returns a verdict of guilty or is discharged without having returned a verdict.

(Bolding in original).

error.")).  We review the sufficiency of evidence on appeal as follows:

> Evidence adduced in the trial court must be considered in the strongest light for the prosecution when the appellate court passes on the legal sufficiency of such evidence to support a conviction; the same standard applies whether the case was before a judge or jury.  The test on appeal is not whether guilt is established beyond a reasonable doubt, but whether there was substantial evidence to support the conclusion of the trier of fact.
>
> Substantial evidence as to every material element of the offense charged is credible evidence which is of sufficient quality and probative value to enable a person of reasonable caution to support a conclusion.

State v. Kalaola, 124 Hawaiʻi 43, 49, 237 P.3d 1109, 1115 (2010) (citations, brackets, and internal quotation marks omitted).

"[G]uilt in a criminal case may be proved beyond a reasonable doubt on the basis of reasonable inferences drawn from circumstantial evidence."  State v. Bright, 64 Haw. 226, 228, 638 P.2d 330, 332 (1981) (citation omitted).  "Circumstantial evidence is competent evidence and can be used to prove facts necessary to establish the commission of a crime."  State v. Hoe, 122 Hawaiʻi 347, 349, 226 P.3d 517, 519 (App. 2010) (citation omitted).

Even though no witnesses offered direct testimony that Horton turned against a red light, the record reflects substantial circumstantial evidence from which the jury could infer that fact.  See id. at 349-50, 226 P.3d at 519-20 (rejecting the defendant's contention that, because there was no direct evidence he had consumed alcohol, there was insufficient evidence to support conviction for underage drinking, and concluding there was substantial circumstantial evidence to show defendant consumed liquor and support the conviction).

4

Here, Hawaiʻi Police Department (**HPD**) Officer Dayton Taniguchi (**Taniguchi**) testified that the southbound direction of Queen Kaʻahumanu Highway at the intersection with Hina Lani Street comprises two left-turn lanes and a left-turn traffic signal light. HPD Officer Marco Segobia (**Segobia**) testified that he was approaching the intersection of Queen Kaʻahumanu Highway and Hina Lani Street from the northbound side of the highway at the time of the accident. Segobia witnessed Horton make a left turn from the southbound direction of Kaʻahumanu Highway onto Hina Lani Street while the northbound traffic had a green light. Segobia stated that Horton must have had a red light because the northbound traffic had a green light, and Horton was the only person making the left turn across the oncoming traffic. Ezra Figueroa (**Figueroa**) testified that he was stopped at the intersection, and saw the cars in the two northbound highway lanes start to move into the intersection while Horton made a left turn onto Hina Lani Street. Figueroa stated that because the cars in both northbound lanes began to move into the intersection simultaneously, they must have had the green light, and Horton had the red light.

Horton was the sole witness who gave contrary testimony that he had a green light when he turned onto Hina Lani Street from the highway.

The record in this case contains sufficient evidence, viewed in the strongest light for the prosecution, describing the traffic activity and circumstances through the testimonies of Taniguchi, Segobia, and Figueroa at the time of the collision. The record reflects substantial circumstantial evidence from

5

which the jury could reasonably infer that Horton negligently turned against a red light into oncoming traffic. See Kalaola, 124 Hawaiʻi at 49, 237 P.3d at 1115; Bright, 64 Haw. at 228, 638 P.2d at 332. The jury heard the conflicting testimonies of Horton and the State's witnesses, and weighed the credibility of all the witnesses, as the trier of fact. See State v. Lioen, 106 Hawaiʻi 123, 130, 102 P.3d 367, 374 (App. 2004) ("We also give full play to the province of the trier of fact to determine credibility, weigh the evidence, and draw rational inferences from the facts.") (citation omitted).

Viewing this substantial evidence in the light most favorable to the State, there was sufficient evidence upon which the jury could find Horton's conduct was negligent, and that Horton should have known that turning against a red light into oncoming traffic would pose a substantial and unjustifiable risk of harm, and that his conduct constituted a gross deviation from the standard of care that a law-abiding person would observe in the same situation. See HRS § 702-206(4) (2014).[4] There was

---

[4]     HRS § 702-206(4) states,

(4) "Negligently."

> (a) A person acts negligently with respect to his conduct when he should be aware of a substantial and unjustifiable risk taken that the person's conduct is of the specified nature.

> (b) A person acts negligently with respect to attendant circumstances when he should be aware of a substantial and unjustifiable risk that such circumstances exist.

> (c) A person acts negligently with respect to a result of his conduct when he should be aware of a substantial and unjustifiable risk that his conduct will cause such a result.

> (d) A risk is substantial and unjustifiable within the meaning of this subsection if the person's failure to perceive it, considering the nature and purpose of his

also sufficient evidence to support a jury's conclusion that Horton should have known there was a substantial and unjustifiable risk of a result of "substantial bodily injury to another person" by turning against a red light in a busy intersection.  HRS § 707-706; see HRS § 702-206(4).  There was sufficient evidence to support the conviction for Negligent Injury in the Second Degree, and the Circuit Court properly denied the MJOA.  See Davalos, 113 Hawai'i at 389, 153 P.3d at 460; Kalaola, 124 Hawai'i at 49, 237 P.3d at 1115.

Therefore, IT IS HEREBY ORDERED that the Judgment of Conviction and Probation Sentence; Notice of Entry of Judgment, filed on February 3, 2020, by the Circuit Court of the Third Circuit, is affirmed.

DATED:  Honolulu, Hawai'i, October 5, 2021.

On the briefs:

Jon N. Ikenaga
Deputy Public Defender
for Defendant-Appellant

Stephen L. Frye
Deputy Prosecuting Attorney
County of Hawai'i
for Plaintiff-Appellee

/s/ Katherine G. Leonard
Presiding Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Karen T. Nakasone
Associate Judge

---

conduct and the circumstances known to him, involves a gross deviation from the standard of care that a law-abiding person would observe in the same situation.