**Electronically Filed
Intermediate Court of Appeals
CAAP-23-0000357
07-AUG-2025
07:48 AM
Dkt. 46 SO**

NO. CAAP-23-0000357

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

STATE OF HAWAIʻI, Plaintiff-Appellee,
v.
TELLY JAMESON, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CASE NO. 1CPC-22-0001091)

### SUMMARY DISPOSITION ORDER
(By: Hiraoka, Presiding Judge, Wadsworth and Guidry, JJ.)

Telly **Jameson** appeals from the ***Judgment of Conviction and Probation Sentence*** entered by the Circuit Court of the First Circuit on May 4, 2023.[1]  We affirm.

Jameson was charged by felony information with Assault in the Second Degree in violation of Hawaii Revised Statutes (**HRS**) § 707-711(1)(m).  The last sentence of the information alleged:  "The injury in this charge relates to the pain or contusion of [the complaining witness (**CW**)]'s left face area."  CW's statement was submitted in a sealed exhibit to the information.  It stated: "I have a lump and small cut on the right side of my face near the temple."

---

[1]  The Honorable Shirley M. Kawamura presided.

Jameson pleaded not guilty. Trial began on January 17, 2023. Before jury selection the State moved to strike the last sentence from the information, or to amend "left face area" to "right face area." Jameson objected to the motion as untimely. He agreed "that all of the discovery in this case did indicate injuries to the right side" of CW's face. The trial court cited Hawaiʻi Rules of Penal Procedure (**HRPP**) Rule 7(f) and stated:

> the Court does find that there is no prejudice to the substantial rights of the defendant as all discovery did indicate that injuries were to the right side of her face. However, given the untimeliness of the motion, the Court may consider a continuance of the trial so that counsel would have time to prepare addition -- additional time to prepare, if needed.

The State had informed Jameson's counsel of the motion in advance. Jameson's counsel said, "at this point we are not asking for a continuance." This exchange then took place:

> THE COURT: Okay. So the defense is ready. You have prepared for trial. Pursuant to the discovery you were given, which all indicates to the right side of the face, and although you initially object to the amendment itself, given that the Court's -- I'm offering you the remedy of a continuance so that you may fully brief the motion, first of all, and second of all prepare for trial, and you are declining that remedy, you prefer to proceed to trial today?
>
> [DEFENSE COUNSEL]: That's correct, Your Honor.
>
> THE COURT: And you have discussed this with Mr. Jameson, that is his preference also?
>
> [DEFENSE COUNSEL]: Yes, Your Honor.
>
> THE COURT: Is that correct, Mr. Jameson?
>
> THE DEFENDANT: Yes, Your Honor.
>
> THE COURT: Okay. You folks are ready to proceed to trial?
>
> THE DEFENDANT: Yes, Your Honor.
>
> [DEFENSE COUNSEL]: Yes, Your Honor.
>
> THE COURT: All right. With that, the State's motion to strike surplusage is denied in part, granted in part. The striking of surplusage is denied, however, in the alternative, I will allow the State to file an amended felony information reflecting injuries to the right face area rather than the left.

2

An amended felony information was filed on January 17, 2023. A jury found Jameson guilty as charged. He was sentenced to four years probation conditioned on serving one year in jail with credit for time served. A free-standing order of restitution was also entered. This appeal followed.

Jameson argues: HRS § 806-9 makes laws applying to an indictment also apply to an information; HRPP Rule 7(f)(1) prohibits amending indictments; HRPP Rule 7(f)(1) must also prohibit amending an information. He did not argue this to the trial court. We review for plain error. Plain error will apply "to correct errors that seriously affect the fairness, integrity, or public reputation of judicial proceedings, to serve the ends of justice, and to prevent the denial of fundamental rights." State v. Ishimine, 151 Hawaiʻi 375, 378-79, 515 P.3d 192, 195-96 (2022) (brackets omitted).

Interpretation of a statute or court rule presents a question of law. State v. James, 153 Hawaiʻi 503, 510, 541 P.3d 1266, 1273 (2024). We begin with the language of the statute or rule. Id. If the language is plain and unambiguous, our sole duty is to give effect to its plain and obvious meaning. Id.

HRS § 806-9 (2014) provides:

> All provisions of law applying to prosecutions upon indictments, to writs and process therein, and the issuing and service thereof, to motions, pleadings, trials, and punishments, or the passing or execution of any sentence, and to all proceedings in cases of indictment, whether in the court of original or appellate jurisdiction, shall in the same manner and to the same extent **as near as may be**, apply to information and all prosecutions and proceedings thereon.

(Emphasis added.)

HRPP Rule 7(a) allows a defendant to be charged by indictment, superseding indictment, information, complaint, or under certain circumstances, by a citation and "oral recitation of the essential facts constituting the offense[.]" HRPP Rule 7(f)(1) provides:

> The court may permit a charge other than an indictment to be amended at any time before trial commences if substantial rights of the defendant are not prejudiced.

In <u>State v. Thompson</u>, No. CAAP-23-0000715, 2024 WL 4043727 (Haw. App. Sept. 4, 2024) (SDO), <u>cert. rejected</u>, No. SCWC-23-0000715, 2025 WL 233202 (Haw. Jan. 17, 2025), we held:

> The plain language of [HRS § 806-9], "as near as may be," clearly recognizes that there are situations where the law of indictments will not apply to informations. <u>See</u> <u>James</u>, 153 Hawai'i at 510, 541 P.3d at 1273. Thus, HRS § 806-9 does not require that an information be treated ***exactly the same*** as an indictment in all respects, and explicitly recognizes that there may be situations where the law of indictments cannot be applied in the exact same manner to informations, and the "as near as may be" language covers those situations.

<u>Id.</u>, 2024 WL 4043727, at *3. We also noted:

> HRPP Rule 7(f)(1)'s sole exception to allowing liberal pre-trial amendment of charging instruments is where a grand jury indictment is at issue. This makes sense as "an indictment is an action of the grand jury and not subject to change by either the court or prosecution, except to correct formalistic errors[.]" Barbara E. Bergman et al., <u>Wharton's Criminal Procedure</u> § 5:15 (14th ed. 2002). In <u>State v. Kam</u>, we explained that: "Where the State's pre-trial amendment of a charge in a complaint does not prejudice a defendant's substantial rights, there seems to be little justification for denying the amendment and good reasons for granting it. Permitting the amendment prevents delay, avoids inconvenience to the parties, and conserves judicial resources." 134 Hawai'i 280, 286-87, 339 P.3d 1081, 1087-88 (App. 2014), <u>aff'd</u>, No. SCWC-12-0000897, 2016 WL 770253 (Haw. Feb. 25, 2016) (SDO).

<u>Id.</u>

We reiterated our holding in <u>Thompson</u> earlier this year, in <u>State v. Michaeledes</u>, No. CAAP-21-0000466, 2025 WL 53170, at *3 (Haw. App. Jan. 9, 2025) (SDO). The analysis also applies here. Jameson offers no substantive argument that his rights were prejudiced. We decline to recognize plain error.

4

The *Judgment of Conviction and Probation Sentence* entered by the Circuit Court on May 4, 2023, is affirmed.

DATED: Honolulu, Hawaiʻi, August 7, 2025.

On the briefs:

Emmanuel G. Guerrero,
for Defendant-Appellant.

Benjamin Rose,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

/s/ Keith K. Hiraoka
Presiding Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Kimberly T. Guidry
Associate Judge